JS 44 .(Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

## I.(a) PLAINTIFFS
MICHAEL COOPER, by and
Through his wife and next friend,
ELOUISE COOPER

## DEFENDANTS
RICHARD LEE MATTINGLY,
AT&T CORP., et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregory Harrelson LEGAL ADVISORS, L.L.P
1901 6th Avenue North, Suite 3120
Birmingham, Alabama 35203

ATTORNEYS (IF KNOWN)
Aubrey J. Holloway, GAINES, WOLTER & KINNEY, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243

## II. BASIS OF JURISDICTION (PLACE AN "•" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "•" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "•" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "•" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth In Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (US Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Defendants jointly move for removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(d).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   DEMAND $
☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

DATE 4/27/07      SIGNATURE OF ATTORNEY OF RECORD  [signature]

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MICHAEL COOPER, by and Through his wife and next friend, ELOUISE COOPER,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD LEE MATTINGLY, AT&T CORP., et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE FILING NOTICE OF REMOVAL

TO:   Brandon L. Blankenship, Esq.
       Gregory Harrelson, Esq.
       LEGAL ADVISORS, L.L.P
       3120 Amsouth Harbert Building
       1901 6th Avenue North
       Birmingham, Alabama 35203

       Annette Manning Hall, Clerk
       CIRCUIT COURT OF ST. CLAIR COUNTY
       1815 Cogswell Avenue
       Pell City, Alabama 35125

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal of the above styled action in the United States District Court for the Northern District, Middle Division. A copy of the Notice of Removal filed with respect to this action is attached hereto.

Dated this the 27th day of April, 2007.

_____
Aubrey J. Holloway (HOL050)
Attorney for Defendants
Richard Lee Mattingly and
AT&T Corp.

**OF COUNSEL:**
GAINES, WOLTER & KINNEY, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243
(205) 980-5888

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties by placing a copy of same in the United States Mail, properly addressed and postage prepaid, this the ___27th___ day of __April_____, 2007, to:

Brandon L. Blankenship, Esq.
Gregory Harrelson, Esq.
LEGAL ADVISORS, L.L.P
3120 Amsouth Harbert Building
1901 6th Avenue North
Birmingham, Alabama 35203

                                                    _/s/_____
                                               OF COUNSEL

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| MICHAEL COOPER, by and Through his wife and next friend, ELOUISE COOPER, ) ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No.: |
| vs. ) ) | ***JURY TRIAL IS REQUESTED*** |
| RICHARD LEE MATTINGLY, AT&T CORP., et al. ) ) ) ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

COME NOW Richard Lee Mattingly and AT&T Corp., named as Defendants in the above styled case[1], and file this Notice of Removal of this case from the Circuit Court of St. Clair County, Alabama, to the United States District Court for the Northern District, Middle Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of said removal, Defendants show unto the Court as follows:

## BRIEF STATEMENT OF FACTS

1. On April 3, 2007, an action was commenced against Defendants in the Circuit Court of St. Clair County, Alabama, entitled, <u>Michael Cooper, by an</u>

---

[1] By filing this Notice, Defendants, Richard Lee Mattingly and AT&T, do not concede that this Court or any court in the State of Alabama has personal jurisdiction over them, nor to they accept or agree that venue of this action is proper in the Circuit Court of St. Clair County, Alabama.

through his wife and Next Friend, Elouise Cooper v. Richard L. Mottingly and AT&T Corp, et al, bearing Civil Action Number CV-2007-900020 (A copy of the Complaint is attached hereto as "Exhibit A"). The Plaintiffs perfected service of the Complaint by certified mail upon Richard Lee Mattingly (hereinafter "Mattingly") on April 3, 2007, and upon AT&T Corp. (hereinafter "AT&T") on April 12, 2007. Less than thirty (30) days have expired since service upon Defendants and Defendants have filed no pleadings or motions, nor made any appearances in the State Court. Pursuant to 28 U.S.C. § 1446(b), this Notice is filed in the United States District Court for the Northern District of Alabama, Middle Division, within the time allowed by law for removal of civil actions to the United States District Court for the purpose of removing this action under 28 U.S.C. § 1446(a).

2. The Complaint names Richard Lee Mattingly and AT&T as party defendants, and sets forth claims for negligence and/or wantonness related to an automobile accident in St. Clair County, Alabama. The Plaintiffs seek damages for personal injuries and permanent injuries allegedly sustained by Michael Cooper as a result of the incident made the basis of the Complaint. (Exhibit A).

3. Upon information and belief, Plaintiffs are now, and were at all times of the filing of the Complaint and at all intervening times, adult resident citizens of St. Clair County, State of Alabama.

4. Upon information and belief, Defendant, Mattingly, is an adult resident citizen of the State of Maryland.

5. Upon information and belief, Defendant, AT&T, is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in San Antonio, Texas. Defendant, AT&T, was the employer of the driver, Mattingly, at the time of the incident made the basis of this action.

6. All defendants join in this Petition for Removal.

## ARGUMENT

7. No defendant is a citizen of Alabama. Therefore, complete diversity exists and, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

8. The amount in controversy exceeds $75,000.

9. Richard Lee Mattingly and AT&T have provided a copy of this Notice of Removal to all adverse parties and to the Clerk of the Circuit Court of St. Clair county, Alabama, in accordance with 28 U.S.C. § 1446(d).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants, Mattingly and AT&T respectfully request this Honorable Court to take jurisdiction of this case and issue all necessary orders and process in order to remove the case from the

Circuit Court of St. Clair County, Alabama to the United States District Court for the Northern District of Alabama, Middle Division.

Respectfully Submitted,

*[signature]*

Aubrey J. Holloway (HOL050)
Ralph D. Gaines, III (GAI006)
Attorneys for Defendants
Richard Lee Mattingly and
AT&T Corp.

**OF COUNSEL:**
GAINES, WOLTER & KINNEY, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243
(205) 980-5888

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties by placing a copy of same in the United States Mail, properly addressed and postage prepaid, this the ___27th___ day of ___April___, 2007, to:

Brandon L. Blankenship, Esq.
Gregory Harrelson, Esq.
LEGAL ADVISORS, L.L.P
3120 Amsouth Harbert Building
1901 6th Avenue North
Birmingham, Alabama 35203

_____
OF COUNSEL

# Exhibit A



IN THE CIRCUIT COURT FOR ST. CLAIR COUNTY, ALABAMA

CIVIL ACTION NUMBER CV 2007-900020

| | |
|---|---|
| MICHAEL COOPER, by and through his wife and next friend, ELOUISE COOPER, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |

APR 1 3 2007

RICHARD LEE MOTTINGLY and AT&T CORP., there may be other entities whose true names and identities are unknown to the Plaintiff(s) at this time, who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff(s) when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff(s) will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties Defendant are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action, the parties Defendant which the Plaintiff must include by descriptive characterization are as follows: Defendants A, B and C, that person who was operating the vehicle which permitted, caused or allowed a vehicle to collide with the automobile occupied by Michael Cooper; Defendants D, E and F, that entity on whose behalf the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Michael Cooper was being operated; Defendants G, H and I, that entity who was the employer of the driver of the vehicle which permitted, caused or allowed a vehicle to collide with the automobile occupied by Michael Cooper; Defendants J, K and L, that entity which owned the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Michael Cooper; Defendants M, N and O, that entity who controlled the operation of the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Michael Cooper; Defendants P, Q and R, that entity which intrusted the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Michael Cooper to the driver of said vehicle; Defendants S, T and U, that entity which maintained the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Michael Cooper; Defendants V, W and X, that entity which either sold, gave, or otherwise provided intoxicating beverages to the operator of the vehicle which collided with the vehicle occupied by Michael Cooper, all of whose names are otherwise unknown but will be added by amendment when ascertained,

Defendants.

## COMPLAINT

1. The Plaintiff, Michael Cooper, is over the age of nineteen (19) years and a resident citizen of the State of Alabama and is incapacitated and incompetent as a result of the injuries he sustained in the accident made the basis of this suit. The Plaintiff, Michael Cooper, sues by and through his wife and next friend, Elouise Cooper.

2. The Defendant, Richard Lee Mottingly, is over the age of nineteen (19) years and a resident citizen of the State of Maryland.

3. The Defendant, AT&T Corp., (hereinafter called "AT&T"), is a firm, partnership or corporation doing business in the State of Alabama.

4. Defendants A, B and C, is that person who was operating the vehicle which permitted, caused or allowed a vehicle to collide with the automobile occupied by Michael Cooper.

5. Defendants D, E and F, is that entity on whose behalf the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Michael Cooper was being operated.

6. Defendants G, H and I, is that entity who was the employer of the driver of the vehicle which permitted, caused or allowed a vehicle to collide with the automobile occupied by Michael Cooper.

7. Defendants J, K and L, is that entity which owned the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Michael Cooper.

8. Defendants M, N and O, is that entity who controlled the operation of the vehicle

which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Michael Cooper.

9. Defendants P, Q and R, is that entity which intrusted the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Michael Cooper to the driver of said vehicle.

10. Defendants S, T and U, is that entity which maintained the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by Michael Cooper.

11. Defendants V, W and X, is that entity which either sold, gave, or otherwise provided intoxicating beverages to the operator of the vehicle which collided with the vehicle occupied by Michael Cooper.

## COUNT I

### (Negligence/Wantonness)

12. Plaintiff avers that on or about the 30th day of March, 2007, upon a public highway, to-wit: U. S. Highway 231 and County Road 22/Post Chappel Road, in St. Clair County, Alabama, the Defendant, Richard Lee Mottingly, negligently or wantonly permitted, allowed, or caused a motor vehicle to collide with the automobile occupied by Michael Cooper.

13. Plaintiff avers that at all times pertinent to this Complaint the Defendant, Richard Lee Mottingly, was acting as an agent, servant or employee of the Defendant, AT&T.

14. Plaintiff avers that at all times pertinent to this Complaint the Defendant, Richard Lee Mottingly, was acting within the line and scope of his duties as an agent, servant or employee of the Defendant, AT&T.

15. As a direct or proximate consequence of the negligence or wantonness of the

Defendants, the Plaintiff, Michael Cooper, was caused to suffer the following injuries and damages:

    (a)    he was caused to suffer physical pain and mental anguish;

    (b)    he was caused to seek medical treatment and was prevented from going about his normal activities;

    (c)    he was permanently injured;

    (d)    he was caused to suffer lost wages;

    (e)    he was caused to incur medical expenses to treat and cure his injuries;

    (f)    his automobile was rendered less valuable; and

    (g)    he was caused to be injured and damaged, all to his detriment.

16.    The Plaintiff avers that the negligent or wanton conduct of each of the Defendants, both named and fictitious, combined and concurred to proximately cause the Plaintiff's injuries as herein above alleged.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined by a struck jury, plus costs.

## COUNT II

### (Negligent /Wanton Hiring, Training, and Supervision )

17.    Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18.    Defendant, Richard Lee Mottingly, was working as an employee of AT&T at all times relevant to this Complaint.

19.    Defendant, AT&T, hired Defendant, Richard Lee Mottingly, as an employee with

actual knowledge that Defendant, Richard Lee Mottingly, would be responsible for operating a motor vehicle on Alabama's roadways within the line and scope of his employment.

20. Defendant, AT&T, knew at the time it hired Defendant, Richard Lee Mottingly, as an employee that ordinary care required that Defendant, AT&T, train and instruct its employees to observe and obey the traffic laws of the State of Alabama.

21. Upon information and belief, Defendant, AT&T, negligently or wantonly hired, trained, and supervised Defendant, Richard Lee Mottingly, in that it failed to ascertain whether Defendant, Richard Lee Mottingly, was a safe and skillful driver, failed to adequately train Defendant, Richard Lee Mottingly, in the safe operation of a motor vehicle and failed to properly supervise in his operation of a motor vehicle.

22. As a direct and proximate result of the negligent and wanton conduct of Defendant, AT&T, Plaintiff was caused to suffer the injuries and damages set out in **COUNT I** of this Complaint.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined by a struck jury, plus costs.

FARRIS, RILEY & PITT, L.L.P.
Attorney for Plaintiff

_____
Kirby D. Farris
Suite 400, Massey Building
2025 3rd Avenue North
Birmingham, Alabama 35203
(205) 324-1212

Serve Defendant:

Richard Lee Mottingly                 (Certified Mail)
212 North 11th Street
Oakland, Maryland 21550

AT&T Corp.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109